INA A. MITCHELL, APPELLANT, V. OTTO H. BEERMANN ET AL., APPELLEES.

122 N. W. 2d 525

Filed July 12, 1963.    No. 35444.

Leamer & Graham, for appellant.

Mark J. Ryan and Stewart & Hatfield, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is an action instituted by Ina A. Mitchell, plaintiff and appellant, against Otto H. Beermann and Marie Beermann, husband and wife, defendants and appellees, the purpose of which is to have title quieted in her to certain lands described as Lot 1, Section 35, Township 29 North, Range 9 East of the 6th P.M., in Dakota County, Nebraska, or otherwise described as the northwest quarter of the northwest quarter of Section 35, Township 29 North, Range 9 East of the 6th P.M., in Dakota County, Nebraska, and all accretion thereto, the north line of the accretion being an extension to the Missouri River of the north line of Section 35, and the south line being a line beginning at a point on the west line of Section 35, 1155 feet south of the northwest corner of Section 35, thence north 118 degrees, 26 minutes, east to the Missouri River. Others were made parties to the action but for the purposes of this opinion further reference to them is not required.

The defendants Beermann were the owners of Lot 1 and the northwest quarter of the northeast quarter, also described as the north half of the northeast quarter of

Section 34, Township 29, Range 9, Dakota County, Nebraska. The land described was located directly west of the west line of Section 35 and of the land claimed by the plaintiff. These defendants claimed as their own all of the land eastward from the line between Sections 34 and 35 which was claimed by the plaintiff and to which she seeks in this action to have title quieted. They seek to have title quieted in them on the ground that this is all accretion to their land in Section 34, and on the further ground that they are the owners of and entitled to it by adverse possession. By appropriate pleadings the defendants have asserted their claimed rights.

The case was tried to the court and judgment was rendered quieting title in the defendants. Motion for new trial was filed by the plaintiff and was overruled. From the order overruling the motion for new trial and the judgment the plaintiff has appealed.

In order to make clear what is involved herein and to limit the necessity for discussion it is pointed out that the portion of Section 35 involved here is bounded on the east by the Missouri River and on the west by the north and south line between Sections 34 and 35. The portion of Section 34 involved adjoins Section 35 on the west side of Section 35. A line running east and west along the north side of the land in Section 34 extended eastward to the river is also the north line of the land in Section 35. A line running east and west along the south line of the land involved in Section 34 extended southeastward to the river is also the south line of the land included in Section 35. The controversy here concerns the land which lies between the north and south lines of the land in Section 35.

The plaintiff without question had record title to this land by an uninterrupted chain commencing in April 1931. There is nothing in the record the purport or effect of which is to show abandonment of the land or

surrender of title thereto since the date of original acquisition.

On this basis and because of alleged acts of the defendants the effect of which, if successful, would deprive plaintiff of her property and title thereto, she has instituted this action to quiet title.

In 1942 the defendants purchased the land which is owned by them in Section 34. The description was of land in Section 34 "and accretions thereto, if any."

In the action here the defendants by cross-petition seek to have title quieted in them to the land east of the north and south line between Sections 34 and 35 to which the plaintiff has record title. They base their claim of right first, on a theory of accretion, and second, on adverse possession.

By their theory of accretion, as interpreted, their contention is that although the area claimed by plaintiff was originally in an existing Section 35 it became nonexistent and disappeared by the removal of the west bank of the Missouri River westward beyond the line between the two sections, thus obliterating the line, after which by accretion all of the land to the east of this new line was accretion to the land in Section 34 and was property of the defendants, title to which they were entitled to have quieted in them.

This contention finds no support in the evidence. There is no evidence that the river had ever receded westward to or beyond the line between the lands involved in Sections 34 and 35. There is evidence which without contradiction shows that at least as far back as 1928 there was land continuously extending eastward from the line between Sections 34 and 35. The existence of this condition was known by the defendants at the time of their purchase in 1942.

The only suggestion that the river had ever receded westward of this line at any time was that there was evidence of high banks across Section 34 west of this line.

In order to have title to this real estate quieted in them on the ground that it is accretion to land to which they had title, the burden was on the defendants of proving the accretion by a preponderance of the evidence. See Jones v. Schmidt, 170 Neb. 351, 102 N. W. 2d 640. The defendants have failed to sustain this burden.

The defendants, as pointed out, also claimed title to this real estate by adverse possession. In order to establish title to this real estate by the operation of the statute of limitations, or in other words by adverse possession, the defendants must prove by a preponderance of the evidence that they were in actual, continuous, notorious, and adverse possession of the property under claim of ownership during the full period required by the statute. See Jones v. Schmidt, *supra.*

Proof of possession is sufficient if the land is used continuously for the purpose to which it may in its nature be adapted. See, James v. McNair, 164 Neb. 1, 81 N. W. 2d 813; Worm v. Crowell, 165 Neb. 713, 87 N. W. 2d 384.

"The statutory period for the establishment of title to real estate by adverse possession is 10 years." Jones v. Schmidt, *supra.*

The factual situation from which it must be ascertained whether or not the defendants have adversely possessed this land for 10 years or more is in substance the following: The defendant Otto H. Beermann was acquainted with the line between Sections 34 and 35. He never made use of the land itself east of the line except that he said that he extended fences east to the river so that cattle could go onto it. There is no evidence that he used the area continuously as pasture land. In 1945 and on another occasion the defendants had trees cut down and converted to lumber for use on land other than this. Nothing occurred in the nature or character of taking of possession of the land or any part of it until 1955, which was less than 10 years before the

commencement of this action. At that time the defendants had a portion cleared and planted to crops. From this time on it may well be said that the defendants took and asserted a right to the possession of the land. From this time on there was actual, continuous, notorious, and adverse possession.

Even then there was no overt assertion of ownership until after the plaintiff had taken action to resist the rights claimed by the defendants. The record discloses that the defendants never, prior to that time, asserted to anyone ownership. Otto H. Beermann discussed the matter with his wife but no one else.

The evidence adduced is insufficient upon which to base a finding that the defendants had and held in the nature to which it was adapted actual, continuous, notorious, and adverse possession under claim of ownership for 10 years the land involved in this action. The defendants were therefore not entitled to have judgment quieting title in them.

The judgment of the district court is therefore reversed and the cause remanded with directions to render judgment quieting title in the plaintiff.

REVERSED AND REMANDED WITH DIRECTIONS.